# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>UBALDO JUAREZ,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 0:17-bk-06277-BMW<br><br>**RULING AND ORDER REGARDING MOTION FOR STAY PENDING APPEAL** |

This matter came before the Court pursuant to the *Motion for Stay Pending Appeal* (the "Motion for Stay") (Dkt. 189) filed by Edgar Todeschi and Georgina Ponce (the "Creditors"), in which the Creditors move the Court pursuant to Federal Rule of Bankruptcy Procedure 8007 to stay the Court's *Ruling and Order Regarding Chapter 11 Plan Confirmation* (the "Ruling & Order") (Dkt. 162) and *Amended Order Confirming Debtor's Amended Plan of Reorganization Dated November 26, 2018* (the "Confirmation Order") (Dkt. 182) until their appeal of such orders is finally resolved.

The Court has reviewed the Motion for Stay and deems this matter suitable for disposition without further argument or briefing.[1]

## I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

///

///

---

[1] Given that the Creditors have not filed a request for an expedited hearing, the Court's determination of this matter without a hearing will expedite the Creditors' ability to move for relief in the appellate court.

## II. Factual and Procedural Background

1. On June 6, 2017, Ubaldo Juarez (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On January 17, 2018, the Debtor filed a *Plan of Reorganization* (the "Plan") (Dkt. 66).

3. On March 8, 2018, the Creditors filed an *Objection to Confirmation* (the "First Objection") (Dkt. 88), in which they asserted that the Plan failed to satisfy the requirements of §§ 1129(a)(2), (a)(3), (a)(7)(A), (a)(8), (a)(10), (a)(11), (a)(15), and (b),[2] and therefore could not be confirmed.

4. On May 31, 2018, after ordering additional briefing and holding oral arguments, the Court conducted an evidentiary hearing on the confirmation of the Plan to consider the Creditors' remaining §§ 1129(a)(3), (a)(7)(A), (a)(10), (a)(11), (a)(15), and (b) objections, after which time the Court took the matter under advisement.

5. On October 25, 2018, the Court issued the Ruling & Order, in which the Court overruled the Creditors' §§ 1129(a)(3) and (a)(11) objections, and sustained the Creditors' §§ 1129(a)(15) and (b) objections.[3] The Court denied confirmation but granted the Debtor thirty (30) days to file an amended plan to rectify the deficiencies set forth in the ruling.

6. On November 26, 2018, the Debtor timely filed an *Amended Plan of Reorganization* (the "Amended Plan") (Dkt. 166).

7. On January 17, 2019, the Creditors filed an *Objection to Confirmation of Amended Plan of Reorganization* (the "Second Objection") (Dkt. 174), in which they argued that the Amended Plan failed to comply with §§ 1129(a)(2), (a)(3), (a)(7)(A), (a)(15), and (b). The Second Objection raised many of the same arguments the Creditors raised in the First Objection, which were considered and ruled upon in the Ruling and Order.

---

[2] Unless otherwise indicated, statutory citations herein refer to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

[3] On May 24, 2018, the Court held oral arguments on the Creditors' § 1129(a)(2) objection and overruled such objection on the record. (*See* Dkt. 127). The Court deemed the §§ 1129(a)(7)(A) and (a)(10) objections waived on the basis that they were not raised in the joint pre-trial statement, nor at trial.

8. On January 18, 2019, the Debtor filed a *Ballot Report* (Dkt. 175), which showed that the Creditors, who together hold one general unsecured claim in the amount of $261,390.40, were the only creditors to submit a ballot rejecting the Amended Plan.

9. On January 21, 2019, the Debtor filed a *Brief in Reply to the Creditors' Objection and in Support of Confirmation* (Dkt. 176) and a *Declaration* (the "Declaration") (Dkt. 177), in which the Debtor asserted that the Amended Plan complied with the requirements for confirmation.

10. On January 23, 2019, the Court held a confirmation hearing during which the Court overruled the Creditors' Second Objection and confirmed the Amended Plan, with certain modifications set forth on the record.

11. On January 28, 2019, the Court entered the Confirmation Order (Dkt. 182).

12. On February 11, 2019, the Creditors filed a *Notice of Appeal* (Dkt. 185).

13. On February 12, 2019, the appeal was referred to the Bankruptcy Appellate Panel of the Ninth Circuit (Dkt. 186).

14. On February 15, 2019, the Creditors filed an *Amended Notice of Appeal and Notice of Election to Have Appeal Heard by the United States District Court* (Dkt. 187).

15. On February 19, 2019, the Creditors filed the Motion for Stay.

### III. Legal Analysis and Conclusions of Law

Motions for a stay pending appeal are ordinarily addressed first by the bankruptcy court. Fed. R. Bank. P. 8007(a)(1)(A). "A motion for stay pending appeal is an extraordinary remedy and requires substantial showing on the part of the movant." *In re GTI Capital Holdings, LLC*, No. 03-07923-SSC, 2008 WL 961112, at *6 (Bankr. D. Ariz. Apr. 4, 2008).

An appellant moving for a stay pending appeal must show that: (1) he is likely to succeed on the merits of his appeal; (2) he will suffer irreparable injury absent a stay; (3) a stay will not substantially injure other interested parties; and (4) a stay will not harm the public interest. *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980); *In re First Magnus Fin. Corp.*, No. 4:07-bk-01578-JMM, 2008 WL 789829, at *1-2 (Bankr. D. Ariz. Mar. 18, 2008).

Some courts have strictly employed the four-factor *Wymer* test, while others have employed a "sliding scale" or "continuum" approach. *Compare In re First Magnus Fin. Corp.*, 2008 WL 789829 (finding that the movant was required to establish each of the four factors) *with In re Red Mountain Mach. Co.*, 451 B.R. 897 (Bankr. D. Ariz. 2011) (engaging in a "sliding scale" balancing of the factors).

Ultimately, courts have "considerable discretion when determining whether to issue a stay pending appeal." *In re GGW Brands, LLC*, No. 2:13-bk-15130-SK, 2013 WL 6906375, at *10 (Bankr. C.D. Cal. Nov. 15, 2013) (citing *Nken v. Holder,* 556 U.S. 418, 433-34 (2009)).

### A. Likelihood of Success on the Merits

"Showing a 'likelihood of success' requires that the movant raise questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate inquiry." *In re N. Plaza, LLC*, 395 B.R. 113, 121 (S.D. Cal. 2008).

In the Motion for Stay, the Creditors reiterate many of the same §§ 1129(a) and (b) objections they raised during the confirmation proceedings. The objections were either waived, as noted above, or were considered as part of the evidentiary hearing. The Court considered the Amended Plan and determined that, as modified, the Plan met the conditions for confirmation, and thus confirmed the Amended Plan. The Court's decision to confirm the Amended Plan was based on the totality of the record in this case, including the findings of fact and conclusions of law set forth in its Ruling & Order.

The Court's decisions to apply the law of the case doctrine and to confirm the Amended Plan will be reviewed for abuse of discretion. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012) (reviewing a district court's decision to apply the law of the case doctrine for abuse of discretion); *In re Marshall*, 721 F.3d 1032, 1045 (9th Cir. 2013) (reviewing a bankruptcy court's decision to confirm a plan for abuse of discretion). Furthermore, the Court's findings of fact will be reviewed for clear error. *In re Tucker*, 989 F.2d 328, 330 (9th Cir. 1993).

Given the applicable standards of review and absence of any asserted unsettled issues of law, the Court finds that the Creditors are unlikely to succeed on the merits of their appeal.

## B. Irreparable Injury to Appellants

"[B]oth the Supreme Court and Ninth Circuit have raised the bar on the showing of irreparable injury, now requiring a showing that 'an irreparable injury is the more probable or likely outcome' if the stay is not granted . . . ." *In re Red Mountain Mach. Co.*, 451 B.R. at 900 (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

The Creditors argue that they will be irreparably injured if a stay is not granted because they believe the Debtor will consummate the Amended Plan while their appeal is pending, which will render their appeal moot.

### 1. Constitutional Mootness

Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. Const. art. III, § 2, cl. 1; *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012).

An appeal is constitutionally moot if the appellate court could not fashion any effective relief for the appellant were it to decide the matter in the appellant's favor. *In re Thorpe Insulation Co.*, 677 F.3d at 880. Where, as here, the appellate court could, among other things, reverse plan confirmation or require modification of the Amended Plan, the appellate court could fashion effective relief for the Creditors were they to succeed on the merits of their appeal. *See id.*

### 2. Equitable Mootness

"Equitable mootness is a prudential doctrine by which a court elects not to reach the merits of a bankruptcy appeal." *In re Transwest Resort Properties, Inc.*, 801 F.3d 1161, 1167 (9th Cir. 2015). "An appeal is equitably moot if the case presents transactions that are so complex or difficult to unwind that debtors, creditors, and third parties are entitled to rely on the final bankruptcy court order." *Id.* (quoting *Rev Op Grp. v. ML Manager LLC* (*In re Mortgs. Ltd.*) ("*Mortgages I*"), 771 F.3d 1211, 1215 (9th Cir. 2014)). Unlike constitutional mootness, which strips a federal court of jurisdiction, "equitable mootness is a judge-created doctrine that reflects an unwillingness to provide relief." *Id.* (emphasis omitted).

The Ninth Circuit has set forth four factors for courts to consider when determining whether a bankruptcy appeal is equitably moot. *Id.* First, the court must look at whether the

appellant sought a stay pending appeal. *Id.* (quoting *In re Thorpe Insulation Co.*, 677 F.3d at 881). The fact that an appellant has been diligent in seeking a stay pending appeal "cuts strongly in favor of appellate review . . . ." *Id.* at 1168.

If a stay pending appeal was sought but not granted, the court looks to whether the plan has been substantially consummated. *Id.* at 1167 (quoting *In re Thorpe Insulation Co.*, 677 F.3d at 881). Though substantial consummation is a factor that weighs in favor of finding that an appeal is equitably moot, it is by no means a dispositive factor. *See id.* at 1169, 1173 (determining that an appeal was not equitably moot despite the fact that the plan had been substantially consummated).

After determining whether the plan has been substantially consummated, the court must examine the effect that a remedy may have on innocent third parties. *Id.* at 1167, 1169. It is not enough that a third party relies on consummation of the plan; "for this factor to weigh in favor of holding a party's appeal to be equitably moot, the specific relief sought must bear unduly on innocent third parties." *Id.* at 1169.

After evaluating potential harm to third parties, the final and most important consideration the court must take into account is "whether the bankruptcy court could fashion equitable relief without completely undoing the plan." *Id.* at 1171. "Even if the relief would be only partial, '[w]here equitable relief, though incomplete, is available, the appeal is not moot.'" *Id.* (quoting *In re Thorpe Insulation Co.*, 677 F.3d at 831).

In this case, the Creditors have diligently pursued their appellate rights thus far, and have sought a stay pending appeal, which cuts against application of the doctrine of equitable mootness. This is a relatively straightforward individual Chapter 11 case, "not a complex reorganization where it would be impossible to 'unscramble the eggs.'" *In re Dynamic Brokers, Inc.*, 293 B.R. 489, 494 (B.A.P. 9th Cir. 2003) (quoting *Baker & Drake, Inc. v. Pub. Serv. Comm'n (In re Baker & Drake, Inc.)*, 35 F.3d 1348, 1351 (9th Cir. 1994)). Though the Amended Plan may be substantially consummated before the Creditors' appeal is resolved, there is nothing in this case that would suggest this Court would not be able to fashion an equitable remedy that would not bear unduly on innocent third parties were the Creditors to succeed on appeal.

Accordingly, the injury the Creditors cite is speculative at best.

### C. Substantial Injury to Other Interested Parties

The Creditors argue that a limited stay could be imposed that would allow the Debtor to commence payments to taxing authorities, secured creditors, and potentially Debtor's counsel, that would therefore impose little or no injury on others. Such a stay would have the effect of allowing plan payments to commence to all classes except the general unsecured class. The Creditors fail to recognize that they are not the only creditors in the general unsecured creditor class, and other general unsecured creditors would be unnecessarily harmed by delayed distributions.

It is also unclear what the benefit of such a limited stay would be, and the limited stay as proposed could cause significant confusion in implementation.

### D. Public Interest

The Federal Rules of Bankruptcy Procedure, under which the Creditors have moved for relief, "shall be construed, administered, and employed by the [C]ourt and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001.

In this case, a stay pending the resolution of the Creditor's appeal would contravene the public policy of ensuring the speedy and inexpensive resolution of bankruptcy cases. This relatively straightforward individual Chapter 11 case has been pending for more than twenty months. During those twenty months, the Creditors were afforded, and took advantage of, numerous opportunities to assert their rights and present their objections to confirmation of the Debtor's proposed plans. The Creditors are now exercising their appellate rights. The Effective Date, however, need not be delayed to the detriment of the Debtor and other creditors until such time as the Creditors' appeal is finally resolved. Injustice will not result if the Court declines to impose a stay; sufficient relief can be fashioned if the Creditors are successful on appeal.

### IV. Conclusion

Whether the Court strictly applies the four-factor *Wymer* test or takes a sliding scale

approach thereto, the Court finds and concludes that the Creditors have failed to show that they are entitled to a stay of the Ruling & Order or the Confirmation Order.

Wherefore, for good cause appearing:

**IT IS HEREBY ORDERED** that the *Motion for Stay Pending Appeal* (Dkt. 189) is denied.

**DATED AND SIGNED ABOVE.**